IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                                                   NO. 3:22-CR-141

LAKEITH M. FAULKNER

### ORDER

On June 22, 2023, Brandon I. Dorsey filed a motion to withdraw as counsel of record for LaKeith M. Faulkner.[1] Doc. #46. As cause, Dorsey represents that after Faulkner's May 24 sentencing:

> That on or about June 2, 2023, [he] received a certain e - mail correspondence of and from [Faulkner] communicating a desire to pursue an "appeal" alleging ineffective assistance of counsel. Subsequent thereto, a telephone conversation ensued and [Faulkner] asked [him] to "FILE" the appropriate "motion" seeking authority to withdraw as counsel of record in these premises.
>
> That based upon said representation, the attorney - client relationship that existed of and between [Faulkner] and [him] is irretrievably broken. In addition, thereto, the contractual relationship that memorialized the afore referenced attorney - client relationship DOES NOT extend to obligations associated with pursuing "appellate" / "post trial" relief as such appellate / post trial professional services would necessitate the entry of a subsequent arrangement.

*Id.* at ¶¶ 9–10 (paragraph numbering omitted). Attached to the motion as an exhibit is a "Joinder to Motion to Withdraw and Other Relief" signed and dated by Faulkner on June 12, 2023. Doc. #46-1. Faulkner, pro se, filed as a separate motion on the docket the same joinder along with additional documents in support of the joinder. Doc. #45. In the joinder he separately filed, Faulkner confirms his intent to pursue appeal based on ineffective assistance of counsel and also asks that he "be allowed to act as pro se to file a Motion … for a court-appointed attorney

---

[1] The motion is titled, "First Amended Motion to Withdraw as Counsel of Record and Other Relief." Doc. #46 at 1. As the motion states, Dorsey's earlier motion to withdraw was denied without prejudice because it was "not signed by Faulkner and … [did] not appear to have been duly noticed to Faulkner …." *Id.* at 2 (citing June 5, 2023, order).

accompanied by the CJA23 Financial Affidavit to assist [him] with [his] appeal or seek this Court's determination to be appointed an attorney without said motion." *Id.* at PageID 214.

Local Criminal Rule 44.1 provides that the "[a]dmission and conduct of attorneys in criminal cases shall be governed by Rule 83.1 of *The Uniform Local Civil Rules*." Local Civil Rule 83.1 provides:

> When an attorney enters an appearance in a civil action, he or she must remain as counsel of record until released by formal order of the court. An attorney may be released only on motion signed by the client(s) or upon a duly noticed motion to all parties, including the client and presented to the judicial officer to whom the case is assigned, together with a proposed order authorizing counsel's withdrawal.

L.U. Civ. R. 83.1(b)(3).

Given that (1) the motion to withdraw was filed less than a month after Faulkner's sentencing (and approximately three weeks after Dorsey noticed an appeal on Faulkner's behalf); (2) the attorney-client relationship between Dorsey and Faulkner is indeed irretrievably broken since Faulkner intends to pursue appeal based on alleged ineffective assistance of counsel by Dorsey and since, according to Faulkner, communications between him and Dorsey have greatly diminished, if not ceased;[2] (3) Faulkner does not challenge Dorsey's withdrawal; and (4) the Court is unaware of any other matter which would preclude Dorsey's withdrawal, Dorsey's motion to withdraw [46] is **GRANTED**. Dorsey is **WITHDRAWN** as counsel for Faulkner in this case.

As for Faulkner's pro se request to file a pro se motion seeking the appointment of counsel, Faulkner's request [45] is **GRANTED**. The Clerk of Court is directed to send to Faulkner a CJA-23 financial affidavit form.[3] Any pro se motion filed by Faulkner requesting the appointment of counsel must not only include a completed CJA-23 financial affidavit but also state the specific

---

[2] *See* Doc. #45 at PageID 216–17.

[3] The Court presumes Faulkner's current mailing address is that contained in the certificate of service attached to Dorsey's motion. *See* Doc. #46 at 3.

2

bases for his ineffective assistance of counsel claim.

**SO ORDERED**, this 30th day of June, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

3